IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00233-MSK-CBS

GREAT BIG COLOR, INC., a Colorado Corporation,

       Plaintiff,

v.

BISHOP TAYLOR GROUP, LLC, an Illinois Limited Liability Company,

       Defendant.

## ORDER ON PENDING MOTIONS

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss Based on Forum Selection Clause **(#9)**, to which the Plaintiff responded **(#18),** the Defendant replied **(#21),** and the parties submitted supplemental briefs **(#24, #25, #26).**[1] Also before the Court is the Plaintiff's Motion to Strike **(#19),** to which the Defendant responded **(#22)** and the Plaintiff replied **(#23).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

---

[1] The Plaintiff actually moved to supplement its response, and the Defendant opposed the motion. The Court grants the motion to supplement, but notes that its ruling would be precisely the same regardless of whether it considered the Plaintiff's supplement.

The Plaintiff, Great Big Color, Inc., alleges that it and the Defendant, Bishop Taylor Group, LLC, entered into a contract for the purchase and sale of printing goods and services. It alleges that the contract is evidenced by purchase orders, proofs and invoices. The Plaintiff claims that it provided goods to, and performed services for, the Defendant in accordance with the parties' agreement, but that the Defendant has failed to make payment despite being sent invoices by the Plaintiff. The Plaintiff also alleges that the Defendant has wrongfully demanded payment of a commission based upon the Plaintiff's provision of printing goods and services to Brown Shoe Company d/b/a Famous Footwear ("Famous Footwear"), which is not a party to this action.

Claim 1 alleges a breach of contract by the Defendant, and is premised upon the Defendant's alleged failure to make payment for goods and services which the Plaintiff provided to the Defendant. Claim 2 alleges unjust enrichment, and is premised upon the same facts as Claim 1. Claim 3 seeks a declaration that there is no agreement between the parties which requires the Plaintiff to pay a commission to the Defendant for goods and services provided to Famous Footwear.

### III.  Issue Presented

The Defendant moves to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(3) on the basis that the parties' contract contains a forum selection clause which requires the litigation to proceed in the Circuit Court of Cook County, Illinois. The Plaintiff opposes the motion.

The issue presented is whether there is a forum selection clause which requires dismissal of some or all of the Plaintiff's claims.

### IV.  Standard of Review

The Defendant's motion is brought pursuant to Fed. R. Civ. P. 12(b)(3), which allows for

dismissal of claims when venue is improper. When parties enter into an agreement which contains a forum selection clause, a motion to dismiss may be made under this rule. *See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002).

A forum selection clause is, however, nothing more than a contractual agreement between parties. Where the parties agree that there is a forum selection clause in their contract, then the Court must first determine whether it is mandatory or permissive. *See K & V Scientific Co.*, 314 F.3d at 498. A mandatory forum selection clause contains clear language providing that jurisdiction is appropriate only in the forum chosen by the parties. *Id.* By contrast, a permissive forum selection clause does not prohibit litigation outside of the parties' selected forum. *Id.* If there is a mandatory forum selection clause, then the Court considers whether it applies to the dispute at hand.

## V. Analysis

The Defendant moves to dismiss the Plaintiff's claims on the basis that a forum selection clause requires litigation to proceed in the Circuit Court of Cook County, Illinois. For this proposition, the Defendant relies upon the following language which appears in a Purchase Order[2] drafted by the Defendant for the purchase of $648.00 worth of Fulton's on the River City Panels from the Plaintiff:

> Any litigation arising out of this purchase order will proceed in the
> Circuit Court of Cook County, Illinois, with the vendor specifically

---

[2] The Defendant submitted a copy of the Purchase Order with its motion. Because the Complaint expressly references purchase orders, among other documents, as evidencing the parties' contract, the Defendant's submission of the Purchase Order was proper because the Purchase Order is central to the Plaintiff's contract claim. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir. 1997); *see also* Fed. R. Civ. P. 10(c). The Plaintiff's motion to strike this exhibit is therefore denied.

> agreeing to the personal jurisdiction of that court. Illinois law shall
> apply to any such litigation. The vendor specifically waives its right
> to a trial by jury.

According to the Defendant, identical language appears in each purchase order it sent to the Plaintiff. The Defendant argues that all three claims are subject to this forum selection clause, because two claims arise directly from the purchase orders, and the third claim arises from the parties' business relationship.

The Plaintiff opposes the motion for three reasons. First, it contends that Claim 3 does not arise from any purchase order. Second, it contends that Claims 1 and 2 arise only from the invoices it sent to the Defendant, not from the purchase orders it received. Third, the Plaintiff contends that the Defendant should be estopped from seeking enforcement of the forum selection clause because the Defendant chose to ignore it when commencing litigation against the Plaintiff in an Illinois federal district court.

Significantly, the Plaintiff does not deny that it received purchase orders from the Defendant containing a forum selection clause, nor does it contend that the forum selection clauses are unenforceable.[3] Thus, there is no dispute that the Defendant sent purchase orders to the Plaintiff, and each purchase order contained a forum selection clause as described above. The parties only disagree as to whether the Plaintiff's claims are subject to the forum selection clauses in the purchase orders. This presents a question of law for the Court to determine.

First, the Court concludes that the forum selection clauses are mandatory. They provide

---

[3] In its reply in support of the motion to strike, and in its supplemental response to the motion to dismiss, the Plaintiff contends that the Defendant laid insufficient foundation for the Purchase Order attached to the motion to dismiss. However, at no time does the Plaintiff contend that such Purchase Order is not authentic, nor does the Plaintiff deny that the Defendant submitted purchase orders containing a forum selection clause as described by the Defendant.

that specific types of litigation "will proceed in the Circuit Court of Cook County, Illinois," and leave no room for such litigation to proceed in any other forum. However, the forum selection clauses are not as broad as the Defendant believes them to be. Each forum selection clause pertains only to litigation which arises out of the purchase orders themselves. Absent from each clause is language which selects the forum for litigation arising out of the parties' business relationship, or relating to their agreement.

That determined, the Court nevertheless has no difficulty in concluding that Claim 1 arises out of the purchase orders. Although the Plaintiff seeks payment pursuant to invoices it sent to the Defendant, the payment is for goods and services provided in accordance with the purchase orders. Thus, the claim originates, at least in part, from the purchase orders. The only difference between Claims 1 and 2 is that Claim 1 is premised upon a contractual obligation to pay for the goods and services provided under the purchase orders, whereas Claim 2 seeks equitable relief if no contract is found to exist. Therefore, Claim 2 also arises out of the purchase orders.

Claim 3, however, does not arise out of the purchase orders. The Plaintiff seeks a declaration that it is not required to pay a commission to the Defendant for sales of goods and services to Famous Footwear, and a declaration that there is no oral agreement requiring such payment. Such claim is independent of the purchase orders and is premised upon whether there was a separate, oral agreement which required the Plaintiff to pay the Defendant a commission for sales to Famous Footwear. Thus, Claim 3 is not subject to the forum selection clause.

These conclusions are consonant with the litigation commenced by the Defendant in the Illinois federal district court. In such action, the Defendant asserts state law tort and contract claims against the Plaintiff, Famous Footwear, and Steven Globerman based upon an alleged oral

agreement between Famous Footwear and the Defendant for the purchase of advertising banners produced by the Plaintiff.  The Defendant also alleges that the Plaintiff agreed to pay a commission to the Defendant for all sales of banners to Famous Footwear, but that the Plaintiff and Famous Footwear "cut" the Defendant "out of the process."  Thus, the lawsuit commenced by the Defendant in the Illinois federal court is indicative of the Defendant's belief that the forum selection clauses in the purchase orders did not require litigation of the dispute involving Famous Footwear to be in the Illinois state court.

The Court notes, however, that this ruling creates the potential for three different lawsuits involving common parties and, perhaps, common questions of fact.  First, there is this litigation in which the Plaintiff seeks a declaration with regard to whether it is required to pay a commission to the Defendant for sales of banners to Famous Footwear.  Second, there is parallel litigation in the Illinois federal district court which is a mirror image of this lawsuit.  Third, there is the potential for litigation in the Circuit Court of Cook County, Illinois, should the Plaintiff elect to proceed on its contract and unjust enrichment claims against the Defendant.  In this light, the Court urges the parties to consider whether it would be more expeditious and cost-effective to assert all claims in a single action in the Circuit Court of Cook County.  If the parties elect to proceed in such manner, they should so advise the Court.

**IT IS THEREFORE ORDERED** that:

(1)   The Plaintiff's Motion to Strike **(#19)** is **DENIED**.

(2)   The Plaintiff's Motion to Supplement Response in Opposition to Plaintiff's Motion to Dismiss Based Upon Forum Selection Clause **(#24)** is **GRANTED**.

(3)   The Defendant's Motion to Dismiss Based on Forum Selection Clause **(#9)** is

**GRANTED IN PART** and **DENIED IN PART**.  Claims 1 and 2 are dismissed.

The sole claim remaining is Claim 3.

Dated this 13th day of November, 2007

                                                **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge