**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00233 – MSK-CBS

GREAT BIG COLOR, INC.,
a Colorado corporation

      Plaintiff,

v.

BISHOP TAYLOR GROUP, LLC,
an Illinois limited liability company

      Defendant.

---

**STIPULATION AND PROTECTIVE ORDER**

---

      Plaintiff Great Big Color, Inc., along with Defendant, Bishop Taylor Group, LLC, by their respective undersigned counsel, jointly submit this Stipulation And Protective Order ("SPO"), as follows.

**STIPULATED PROTECTIVE ORDER**

      1.    This Protective Order shall apply to any information, document, or thing subject to discovery in this action that may contain trade secrets, non-public information, or other confidential or proprietary business or financial information ("Confidential Information").

      2.    Confidential Information owned or controlled by a party, or owned or controlled by a third party providing discovery in this action under this SPO, may be designated as "Confidential." Such information, document, or thing may include, without limitation, testimony adduced at depositions upon oral examination pursuant to Fed.R.Civ.P. 30; written responses to interrogatories pursuant to Fed.R.Civ.P.33; documents produced pursuant to

1

Fed.R.Civ.P. 26 or Fed.R.Civ.P. 34; answers to requests for admissions pursuant to Fed.R.Civ.P. 36; testimony, documents, or things provided pursuant to Fed.R.Civ.P. 45; and any data, reports, opinions, or conclusions derived therefrom; and all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing produced either pursuant the Rules of Civil Procedure noted above or corresponding Local Rules of the United States District Court for the District of Colorado.

## **CONFIDENTIAL INFORMATION**

3. The parties may designate as "Confidential" certain documents and information relating to this case, including, but not limited to the following: (a) financial information; (b) customer information, including identity, account information, credit history, transaction history, quality control and investigative information, (c) documents associated with bids for jobs; and (d) purchase orders and invoices.

4. A party or third party producing Confidential Information in this case ("Providing Party") may identify and protect such information by labeling or marking documents or things "CONFIDENTIAL."

5. In the case of depositions upon oral examination, if counsel for a party or third party believes that questions or answers include Confidential Information, counsel shall so state on the record and shall request that all or a portion of the deposition transcript be designated as Confidential, and that it be maintained in a separate, sealed, and appropriately marked envelope. The reporter, who shall first have agreed to abide by the terms of this SPO pursuant to Paragraphs 7 and 8 below, shall include on the cover page of each sealed transcript, or portion thereof, the following: "This transcript, or portions thereof, contains information subject to a

2

Protective Order and shall be used only in accordance therewith." When testimony designated as Confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this SPO shall be excluded from the deposition.

6. Confidential Information shall be treated in accordance with this SPO unless and until the Court rules to the contrary or the Providing Party agrees otherwise, or except as provided in Paragraph 14 of this Order.

7. Unless and until the Court rules or the Providing Party otherwise agrees, access to or disclosure of Confidential Information shall be limited to:

a. The Court and its employees, with such information filed under seal (and kept under seal until further Order of the Court);

b. The attorneys for the party or parties in this litigation to whom such documents are produced, including outside trial counsel as well as in-house counsel, and the employees and office support staff of such attorneys;

c. The parties, or designated employees or representatives of the parties testifying at deposition, either individually or pursuant to Fed.R.Civ.P. 30(b)(6);

d. Independent experts or consultants for a party or under serious consideration for such engagement (together with their personnel) whose advice and consultation are being or will be used by such party in connection with this litigation. Prior to disclosure to any persons in this paragraph, the person(s) must be informed of and agree to be subject to the provisions of this SPO, as represented in Exhibit A;

e. The Jury and court reporters in connection with this litigation;

f. A witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed.

      g.      Deponents, during the course of a deposition.

8. Nothing in this SPO shall require disclosure of information protected by the attorney-client privilege or work-product doctrine. However, this SPO shall not preclude any party from contesting the applicability of the privilege or doctrine.

9. The acceptance by a party of Confidential Information shall not constitute an admission or concession that, or permit an inference that, the Confidential Information is, in fact, confidential. This SPO shall not prevent a party from moving for an Order that any Confidential Information is not, in fact, confidential.

10. This SPO shall not prevent a party or third party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders.

11. Confidential Information may be used by the receiving party or any other permitted recipient in connection with litigation involving Great Big Color and Bishop Taylor in both Colorado and Illinois courts. The restrictions on use of Confidential Information as set forth in this SPO shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this SPO.

12. No later than thirty (30) days following the conclusion of this litigation, including any appeal, a Providing Party must give written notice to any party receiving Confidential Information whether: (a) copies of all documents containing Confidential Information must be returned to the Providing Party; or (b) copies of all documents containing Confidential Information must be destroyed, with a certification of such destruction being delivered to the Providing Party. All persons to whom Confidential Information is provided subject to this SPO and who are bound by this SPO shall comply with all directives of the Providing Party with regard to return or destruction of the Confidential Information in their possession within ten (10)

days after receiving such written notice and in either event shall not retain in their possession Confidential Information of any kind.

13. Restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information which the parties agree, or the Court rules: (a) was or becomes public knowledge other than as a result of disclosure by the receiving party; or (b) has or shall come into the receiving party's legitimate possession independently of the Providing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any Confidential Information if the parties agree in writing or the Court rules that said person has already obtained possession thereof legitimately.

14. A Party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion, within five (5) business days thereafter, requesting that the Court determine whether the disputed information should be subject to the terms of this SPO. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this SPO until the Court rules on the motion. The fact that information may come within the definition of Confidential Information set forth in Paragraph 1 above shall not preclude the Court from determining that the information shall not be made subject to this SPO. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of persuading the Court that the contested documents and/or information should remain subject to this SPO.

15. This SPO shall not affect or govern the use or admissibility of Confidential Information at trial. Each party hereto shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management order provisions, motions in limine and/or objections.

DATED at Denver, Colorado, this 6th day of February, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

*s/ Stephen A. Fermelia*
Stephen A. Fermelia
FOSTER, GRAHAM, MILSTEIN MILLER
& CALISHER, LLP
621 Seventeenth Street, 19th Floor
Denver, CO 80293
Telephone: (303) 333-9810
Fax: (303) 333-9810
Email: sfermelia@fostergraham.com

*Attorneys for Plaintiff*

*s/ Kristin R.B. White*
Kristin R.B. White
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80201-8749
Phone: (303) 295-8442
Fax: (303) 672-6533
kwhite@hollandhart.com

Robert H. Lang
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Phone: (312) 715-5752
Fax: (312) 578-6666
rhlang@hklaw.com

*Attorneys For Defendant*

# EXHIBIT A

# PERSONAL UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____ declare:

My address is _____. My present occupation is _____.

      1.    I have received a copy of the Stipulation and Protective Order ("SPO") issued in *Great Big Color, Inc. v. Bishop Taylor Group, LLC*, Case No. 1:07-cv-00233-MSK-CBS, United States District Court for the District of Colorado. I have carefully read and understand the provisions of the SPO.

      2.    I will comply with all of the provisions of the SPO. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the SPO, and will not copy or use except for purposes of this litigation, any information designated as "CONFIDENTIAL" which I receive in this litigation, except to the extent that such Confidential Information is or becomes public information in accordance with the SPO.

      3.    I will comply with Paragraph 13 of the SPO regarding the return or destruction of all Confidential Information in my possession following the conclusion of this litigation.

4. I declare under penalty of perjury that the foregoing is true and correct and that this document is executed this _____ day of _____, _____, at _____.

_____
Signature

_____
Print Name